UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Charles Presley White,

Plaintiff,

v.

Toledo Correctional Institution, *et al.*,

Defendants.

Case No. 3:25-cv-1870

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

Plaintiff Timothy Charles Presley White, who is proceeding *pro se*, filed this civil rights action against the Toledo Correctional Institution and the Madison Correctional Institution. He claims he was assaulted by correctional officers at the Toledo Correctional Institution on multiple occasions and then was transferred to the Madison Correctional Institution, where he alleges he was assaulted by corrections officers in a separate incident. He seeks "cash relief from the institutions." (Doc. No. 1 at 6).

Plaintiff claims that, on September 3, 2021, a lieutenant and another officer approached his cell in the Toledo Correctional Institution. He alleges the lieutenant aimed a pepper gun through the cuff port in his closed cell door and shot him over twenty-five times. Plaintiff asserts that after he "cuffed up" through the port following this incident, officers banged his head on the wall. He claims he received eight stitches under his chin. He states two other officers later verbally harassed him for reporting the lieutenant's conduct. It appears that he was in restricted housing when these

incidents occurred. Plaintiff alleges his placement in restricted housing caused him to experience schizophrenic episodes.

Plaintiff asserts he was transferred to the Madison Correctional Institution, though he does not indicate when that transfer took place. He claims that five officers at Madison Correctional Institution restrained him so a nurse could give him a shot, and that he was only partially clothed at the time. Plaintiff also alleges he called the Prison Rape Elimination Act ("PREA") hotline over 10 times and filed grievances about each instance of alleged misconduct, though he asserts his schizophrenic thoughts hindered his ability to properly focus on filing grievances.

## II. STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## III. Analysis

As an initial matter, neither of the Defendants is *sui juris*, meaning they are not legal entities that can sue or be sued in their own right. *Moon v. Richland Corr. Inst.*, Case No. 1:19 CV 1250, 2019 WL 2359196, at *1 (N.D. Ohio June 4, 2019) (citing *Miles v. Richland Corr. Inst.*, Case No. 1:14-CV-01648, 2015 WL 366898, at *3 (N.D. Ohio Jan. 27, 2015), for the proposition that Richland Correctional Institution "is not a legal entity capable of being sued under [42 U.S.C.] § 1983" (further citing *Brown v. Imboden*, Case No. 1:11 CV 529, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) ("finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983")))). *See also Dunikowski v. Ohio Dept. of Rehab. and Corr.*, Case No. 1:18 CV 2576, 2019 WL 2717954, at *2 (N.D. Ohio June 28, 2019) (citing *Moon*, 2019 WL 2359196, at *1). They are subunits of the Ohio Department of Rehabilitation and Correction ("ODRC") which itself is a subunit of the State of Ohio. As a consequence, Plaintiff's claims against these entities fail as a matter of law. *Black v. Montgomery Cnty. C.P. Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018), *report and recommendation adopted,* No. 3:18-CV-123, 2018 WL 3193220 (S.D. Ohio June 28, 2018).

Even if I were to liberally construe these claims as asserted against the ODRC, dismissal would still be required. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies, unless the state has waived its sovereign immunity. *See, e.g., Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The ODRC is an agency of the State of Ohio, and Ohio has not waived its sovereign immunity in § 1983 lawsuits.

## IV. CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge